# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Barry D. Granda, ) | Civil Action No.: 3:19-cv-03294-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Old Dominion Freight Line, Inc., ) | |
| ) | |
| Defendant. ) | |

Plaintiff Barry D. Granda ("Plaintiff") filed this action alleging claims against his former employer, Defendant Old Dominion Freight Line, Inc. ("Defendant"), for discrimination and retaliation under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213 and for defamation. (ECF No. 1-1.) This matter is before the court on Defendant's Motion for Summary Judgment. (ECF No. 42.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to the United States Magistrate Judge for pretrial handling. On July 14, 2021, the Magistrate Judge issued a Report and Recommendation ("Report") (ECF No. 64). For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 64), **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 42), and **DISMISSES** this action.

## I.     RELEVANT BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. Plaintiff was employed by Defendant as Manager of Sales and Services until February of 2019. (ECF No. 1-1 at 3 ¶ 5.) Plaintiff avers that "[t]hroughout his roughly 20-year career with [] Defendant, Plaintiff performed his job in a competent if not more than competent manner increasing revenue and profits every year since 2007." (*Id.*) Plaintiff

1

alleges that during his field service audit on January 29, 2019, he told the employee conducting the audit that Plaintiff had medical tests scheduled for the following day because he was experiencing a balance issue and slurred speech.  (*Id.* at 3 ¶ 9.)  According to Plaintiff, the employee-auditor responded, "well that explains it," before stating he had noticed Plaintiff's slurred speech.  (*Id.*)  The following day, Plaintiff allegedly received a phone call from his boss, Gerry Broadwell ("Broadwell"), asking if he was okay, and Plaintiff explained the issues he was experiencing and the tests his doctor had recommended to determine whether his issues were neurological.  (*Id.* at ¶¶ 7–8, 10.)  On February 1, 2019, Plaintiff and his wife went on a cruise.  (*Id.* at 4 ¶ 11.)  On February 8, 2019, Plaintiff received a phone call from Defendant's Director of Human Resources Development, stating Plaintiff's terminal was randomly selected for an In-Depth Interview ("IDI") beginning the following Monday.  (*Id.*)  The IDI process took place while Plaintiff was out of state for corporate meetings.  (*Id.* at 4 ¶ 12.)  On February 15, 2019, Broadwell informed Plaintiff that the IDI process had gone poorly, that Defendant felt Plaintiff could not lead people in the right direction, and that Plaintiff was terminated effective that day.  (*Id.* at 4 ¶ 13.)

On October 22, 2019, Plaintiff filed an action in the Court of Common Pleas in Lexington County, South Carolina.  (ECF No. 1-1.)  On November 22, 2019, Defendant filed a Notice of Removal.  (ECF No. 1.)  On October 21, 2020, Defendant filed a Motion for Summary Judgment.  (ECF No. 42.)  Plaintiff filed a Response in Opposition on November 18, 2020 (ECF No. 47) and Defendant filed a Reply on December 4, 2020 (ECF No. 52).  The Magistrate Judge issued her Report on July 14, 2021, recommending this court grant Defendant's Motion and dismiss this action. (ECF No. 64.)  Plaintiff filed timely Objections to the Report (ECF No. 67) to which Defendant filed a Reply (ECF No. 70).

## II. JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 based on Plaintiff's claims against Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101–12213. The court has supplemental jurisdiction over Plaintiff's defamation claim pursuant to 28 U.S.C. § 1367(a).

## III. LEGAL STANDARD

A.  The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to–including those portions to which only "general and conclusory" objections have been made–for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

B.  Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment." *Id.* at 248. Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252. The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party to avoid summary judgment. *See id.* at 248.

C.     Discrimination Claims Under the ADA

Under the ADA, a plaintiff can establish a claim of discrimination either by directly showing that discrimination motivated an employment decision, or, as is more common, by relying on the indirect, burden-shifting method set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under *McDonnell Douglas* approach, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. The elements of a prima facie case of discrimination are: (1) he "was a qualified individual with a disability"; (2) he "was discharged"; (3) he "was fulfilling h[is] employer's legitimate expectations at the time of discharge"; and (4) "the circumstances of h[is] discharge raise a reasonable inference of unlawful discrimination." *Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 150 (4th Cir. 2012) (internal quotations omitted); *see also Coleman v. Md. Ct. App.*, 626 F.3d 187, 190 (4th Cir. 2010); *Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 702 (4th Cir. 2001); *Cason v. S.C. State Ports Auth.*, C/A No. 2:11-2241-RMG-BM, 2014 WL 588031, at *4 (D.S.C. Jan. 7, 2014) (citations omitted).

If the plaintiff establishes a prima facie case, an inference of discrimination is raised and the burden shifts to defendant to produce admissible evidence that the defendant took adverse employment action "for a legitimate, non-discriminatory reason." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). If the defendant carries its burden, the presumption of discrimination created by the prima facie case disappears from the case, and the plaintiff must then prove by a preponderance of the evidence that the defendant's articulated reason was a pretext for unlawful discrimination. *See id.* at 253–55. In order for a plaintiff to demonstrate pretext, he must prove "the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 143 (2000).

D.  <u>Retaliation Claims Under the ADA</u>

To prevail under the *McDonnell Douglas* framework as to retaliation, Plaintiff must first establish a prima facie case by showing that: (1) he engaged in a protected activity; (2) his employer took an adverse employment action against him; and (3) a causal connection existed between the protected activity and the asserted adverse action." *Honor v. Booz–Allen & Hamilton, Inc.*, 383 F.3d 180, 188 (4th Cir. 2004) (citing *Mackey v. Shalala*, 360 F.3d 463, 469 (4th Cir. 2004)); *Rhoads v. F.D.I.C.*, 257 F.3d 373, 392 (4th Cir. 2001); *Munday v. Waste Mgmt. of N. Am., Inc.*, 126 F.3d 239, 242 (4th Cir. 1997). Protected activities under the ADA include opposing any act or practice made unlawful by the ADA, and making a charge, testifying, assisting, or participating in an investigation, proceeding, or hearing under the ADA. 42 U.S.C. § 12203(a). A request for an accommodation under the ADA also constitutes a protected activity. *See Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 578–79 (4th Cir. 2015). "Once the plaintiff makes [the prima facie] case, the employer can defend itself by producing 'evidence of a legitimate, non-discriminatory reason for taking the adverse employment action.'" *Id.* (quoting

5

*Bryant v. Aiken Reg'l Med. Ctrs. Inc.*, 333 F.3d 536, 543 (4th Cir. 2003)). At that point, the plaintiff has the opportunity to prove that the employer's legitimate, non-discriminatory reason is pretextual. *Matvia v. Bald Head Island Mgmt., Inc.*, 259 F.3d 261, 271 (4th Cir. 2001) (citation omitted).

## IV.     ANALYSIS

### A.     The Report and Recommendation

The Magistrate Judge recommended the court grant Defendant's Motion for Summary Judgment (ECF No. 42) and dismiss this action. (ECF No. 64.) Initially, the Magistrate Judge found that the IDI conducted on February 11 and 12, 2019 does not provide, and Plaintiff has not otherwise presented, direct evidence of discrimination. (*Id.* at 14.) Rather, the IDI Report provided that several employees interviewed wondered whether Plaintiff may have a drug or alcohol problem because he had been slurring his speech, but testimony in the record indicates these comments were not relied upon in the decision to terminate Plaintiff. (*Id.*)

Having determined that Plaintiff cannot show direct evidence of discrimination, the Magistrate Judge turned to analysis of Plaintiff's claims under the *McDonnell Douglas* burden-shifting paradigm. (ECF No. 64 at 15.) The Magistrate Judge explained that under the ADA, "[t]he term 'disability' means, with respect to an individual—"(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." (*Id.* at 16 (quoting 42 U.S.C. § 12102(1)).) The Magistrate Judge noted that "[t]he issue of whether Plaintiff has established a prima facie actual disability is a close one[,]" but construing the existence of a disability in Plaintiff's favor, the Magistrate Judge ultimately assumed "*arguendo*, that Plaintiff has satisfied" the first element of the prima facie case. (*Id.* at 17.) The Magistrate Judge then

explained that "Plaintiff bears the burden of showing by a preponderance of the evidence that he was meeting [Defendant's] legitimate expectations at the time of his termination[,]" and that Plaintiff has not met this burden based on the evidence in the record. (*Id.* at 20.) Accordingly, the Magistrate Judge found that Plaintiff's disability discrimination claim fails as a matter of law and no further analysis of this claim is required. (*Id.*)

Regarding Plaintiff's retaliation claim, the Magistrate Judge determined that summary judgment is appropriate because "Plaintiff did not participate in 'protected activity' under the ADA." (ECF No. 64 at 24.) Specifically, the Report explains that "Plaintiff has not alleged that he filed a charge or otherwise objected to a practice he believed violated the ADA, nor did he ever seek any sort of accommodation[,]" and has not "cited any case law for the proposition that merely advising an employer that time was being taken off of work for diagnostic testing is protected activity." (*Id.*) Therefore, the Magistrate Judge found that Plaintiff cannot establish a prima facie case of retaliation. (*Id.*)

Finally, turning to Plaintiff's state law claim for defamation, the Magistrate Judge determined that statements made during the IDI process are privileged, and therefore are not actionable. (ECF No. 64 at 28.) Other than the statements made during the IDI, the Magistrate Judge found that Plaintiff has not provided competent evidence that any other defamatory remarks were published to any third party and, as such, summary judgment is appropriate as to Plaintiff's defamation claim. (*Id.*)

B.    Plaintiff's Objections

Plaintiff contends the Magistrate Judge erred by: (1) not applying the appropriate framework of legal analysis to Plaintiff's ADA claims; (2) failing to consider that the expectations for Plaintiff's employment were not legitimately held; (3) incorrectly concluding that the

decisionmakers did not rely on the IDI statements concerning the symptoms of Plaintiff's disability when terminating his employment; (4) wrongfully concluding that Plaintiff had not engaged in a protected activity; and (5) failing to find that Defendant's defamatory statements were published to unprivileged third parties. (ECF No. 67.)

C.   The Court's Review

   *1. Plaintiff's Discrimination Claim*

Initially, Plaintiff does not object to the Magistrate Judge's determination that he has not provided direct evidence of discrimination on the basis of disability, therefore the court reviews this finding for clear error. Finding no clear error on this issue, the court turns to its analysis of Plaintiff's ADA claims under the *McDonnell Douglas* framework. Plaintiff argues that the Magistrate Judge misapplied this framework and erred in considering Defendant's proffered reasons for discharge when assessing the existence of a prima facie case, and that Plaintiff's "meeting of the legitimate expectations of his job [should] be all but presumed after a minimal presentation of evidence." (ECF No. 67 at 5.) Plaintiff contends that because Defendant's proffered nondiscriminatory reason for Plaintiff's termination mirrors the second element necessary for a prima facie case (that Plaintiff was fulfilling Defendant's legitimate expectations at the time of discharge), the court should assume a prima facie case and wait until the pretext prong to analyze Plaintiff's performance. (*Id.* at 4 (citing *Jones v. Giant Foods, Inc.*, No. JFM-00-3469, 2000 WL 1835393 (D. Md. Nov. 27, 2000).)

As the Report explains, presuming a prima facie case where an employer's nondiscriminatory reason for termination is that the employee was not meeting legitimate expectations would "eviscerate the need for a prime facie analysis in many, many cases." (ECF No. 64 at 22.) The court finds that the Report correctly applied the framework. The United States

8

Court of Appeals for the Fourth Circuit has rejected the "contention that consideration of the employer's legitimate job expectations at the prima facie stage improperly allows consideration of evidence the employer would typically present in the second stage of the *McDonnell Douglas* framework, that is, where the employer offers the legitimate, nondiscriminatory reason for the termination." *Warch v. Ohio Cas. Inc. So.*, 435 F.3d 510, 515 (4th Cir. 2006).  In so holding, the Fourth Circuit explained that "[d]iluting this element of the prima facie case" would "defeat[] the whole purpose of the first stage of the *McDonnell Douglas* inquiry." *Id.* (citations omitted). Accordingly, the court rejects Plaintiff's objection to this portion of the Report.

Next, Plaintiff asserts that, even if the Report properly considered Defendant's proffered reasons for termination, the Report erred in its failure to consider evidence demonstrating that Defendant's expectations were not legitimately held.  (ECF No. 67 at 6.)  The Report did consider such evidence.  In the Report, the Magistrate Judge considered evidence that Plaintiff was meeting Defendant's expectations in some areas, noting that Plaintiff's immediate supervisor stated that Plaintiff "performed well 'on operations, as far as his numbers.'"  (ECF No. 64 at 2 (citing to ECF No. 47-4).)   In ultimately finding that Plaintiff failed to satisfy Defendant's reasonable expectations, however, the Magistrate Judge also looked at "the various complaints about Plaintiff's treatment of other [] employees, including the 'final' warning provided by email in 2018 and the numerous negative remarks obtained during the IDI."  (*Id.* at 18 (citing ECF No. 42-1 at 21–23; ECF No. 42-11 (email from Broadwell informing Plaintiff of complaints from other employees, noting the issue would not be addressed again, and stating that "any issues will result i[n] future action up to and including termination"); ECF No. 42-15 (email from Plaintiff to his immediate supervisor stating he would "work on how others perceive [him]"); ECF No. 42-16 (IDI Report detailing numerous complaints about Plaintiff's behavior toward other employees)).)  The

9

evidence Plaintiff asserts the Magistrate Judge failed to review relates to Plaintiff's economic performance metrics, (ECF Nos. 67 at 6; 47 at 24), but this was not Defendant's only measure of performance and not the area in which Defendant asserts Plaintiff was underperforming. *See Donaldson v. Clover Sch. Dist.*, No. 0:15-cv-1768-MBS-KDW, 2017 WL 8897151, at *10 (D.S.C. July 24, 2017), *report and recommendation adopted*, No. 0:15-cv-1768-MBS, 2017 WL 4173596 (D.S.C. Sept. 21, 2017) (granting summary judgment as to ADA discrimination claim where employee's unprofessional conduct, including complaints from parents of students, showed employee was not meeting employer's legitimate expectations). Regarding complaints about his treatment of other employees, Plaintiff asserts that his immediate supervisor testified that he had "not received a single complaint from the employees at Plaintiff's location." (ECF No. 67 at 6.) Plaintiff's supervisor did testify, however, that he had received complaints from others who worked with Plaintiff. (Broadwell Dep. 74:15–23, ECF No. 47-4 at 30 ("Well, in my notes, when I talked to the sales reps, those were complaints, and then when - - I had people complaint about Columbia. The corporate office, from central dispatch to human resources to field service and the people who travel - - and there's about ten of those - - they all complained when they went through Columbia.").) Plaintiff has not put forth any evidence to rebut the complaints regarding Plaintiff's alleged unprofessional treatment of other employees.

Plaintiff asserts he need only make a minimal showing that he was meeting the expectations of his job to establish a prima facie case of discrimination. (ECF No. 67 at 6.) Assuming, *arguendo*, that Plaintiff has established a prima facie case and raised an inference of discrimination, the burden would shift to Defendant to produce admissible evidence that Plaintiff was terminated for a "legitimate, non-discriminatory reason." *Burdine*, 450 U.S. at 254. Defendant has met its burden. Defendant asserts Plaintiff was terminated because of the

10

unprofessional manner in which he treated other employees, which is supported by the evidence in the record. (ECF No. 42-1 at 24.) This is sufficient to shift the burden back to Plaintiff to show by a preponderance of the evidence that Defendant's asserted reason is pretextual. S*ee DeJarnette v. Corning Inc.*, 133 F.3d 293, 299 (4th Cir. 1998)) ("when an employer gives a legitimate, non-discriminatory reason for discharging the plaintiff, 'it is not our province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination'"). Plaintiff cannot meet this burden.

Plaintiff contends that Defendant's stated reason for his termination is pretext, and the true reason for his termination was his disability. Plaintiff contends the Report erred by accepting statements of the decisionmakers that they did not rely on any of the statements in the IDI concerning Plaintiff's alleged disability when deciding to terminate his employment. (ECF 67 at 14.) Plaintiff asserts that rather than taking the facts in the light most favorable to Plaintiff, the Magistrate Judge incorrectly made a credibility determination by accepting the statements of the decisionmakers. (*Id.* at 15.) The Magistrate Judge concluded that, "Plaintiff has provided no evidence that anyone involved in the decision to terminate Plaintiff made or relied on any statements concerning comments about Plaintiff's slurred speech, balance issues, or possible drug/alcohol problem in deciding to terminate him." (ECF No. 64 at 15.) Although Plaintiff refers to discrepancies in the record regarding testimony as to who was involved in the final decision-making process, Plaintiff does not point to any inconsistencies or conflicting testimony regarding *the reason* for the decision. Plaintiff also fails to put forth any evidence supporting his assertion that Defendant considered symptoms of Plaintiff's alleged disability in its termination decision. *See, e.g.*, *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 280 (4th Cir. 2000) ("[I]t is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff.") (quoting

11

*DeJarnette*, 133 F.3d at 299). Instead, the evidence shows Defendant's asserted reason for Plaintiff's termination was its true reason, and Plaintiff has not shown a genuine issue of material fact on this issue. Thus, even if Plaintiff could establish a prima facie case of discrimination, he cannot show by the preponderance of the evidence that Defendant's asserted reason for his termination was pretextual. Therefore, summary judgment is appropriate on Plaintiff's discrimination claim.

2. *Plaintiff's Retaliation Claim*

Next, Plaintiff contends the Magistrate Judge erred in finding that Plaintiff's request for leave was not a protected activity. (ECF No. 67 at 15.) According to Plaintiff, his request for time off for medical testing on January 29 and 30, 2019 was a "protected activity under the ADA because it was tantamount to requesting an accommodation for a disability." (*Id.* (quoting *Bernheim v. New York City Dep't Educ.*, No. 19-cv-9723, 2021 WL 2619706, at *11 (S.D.N.Y. June 25, 2021)).) Plaintiff is correct in his assertion that a request for an accommodation is a protected activity under the ADA. *Haulbrook*, 252 F.3d at 706. However, courts have ruled that a plaintiff's request for time off does not qualify as a request for accommodation. *See McCormack v. Blue Ridge Behav. Healthcare*, No. 7:18CV00457, 2021 WL 804199, at *11 (W.D. Va. Mar. 3, 2021) (citing *Waggel v. George Washington Univ.*, 957 F.3d 1364, 1373 (D.D.C. 2020) ("reject[ing the plaintiff's] argument that her requests for [Family and Medical Leave Act] leave should have been construed as requests for an ADA accommodation")); *Preddie v. Bartholomew Consolidated School Corp.*, 799 F.3d 806, 815 (7th Cir. 2015) (periodic requests for medical leave, without more, did "not qualify as 'protected activity' under the ADA"); *EEOC v. Product Fabricators, Inc.*, 763 F.3d 963, 972 (8th Cir. 2014) (employee's complaints regarding shoulder pain and the potential need for surgery were not requests for accommodation).

Plaintiff did not formally request medical leave to accommodate an illness, he merely informed co-workers he was having medical tests done. *See Tucker v. Unitech Training Academy, Incorporated*, 783 F. App'x 397, 400 (5th Cir. 2019) (although requesting a reasonable accommodation may constitute engaging in a protected activity under the ADA, the plaintiff never made such a request). Plaintiff cites to *Bernheim* to support his assertion that taking time off for medical tests was a protected activity. (ECF No. 67 at 15.) However, the employee in *Bernheim* formally requested leave under the Family and Medical Leave Act ("FMLA") based on an existing diagnosis of irritable bowel syndrome, 2021 WL 2619706, at *1, unlike Plaintiff, who merely informed co-workers he was having medical tests done to determine whether an illness even existed, (*see* Granda Dep. 163:5–7, ECF No. 70-1 at 6 ("Q: Did you ask for FMLA? A: No, no, but they should have offered but they knew.")). Accordingly, Plaintiff has failed to show he engaged in an activity protected by the ADA sufficient to establish a prima facie case of retaliation and summary judgment is appropriate as to this claim. *See Thompson v. City of Charlotte*, 827 F. App'x 277, 279 (4th Cir. 2020) (affirming district court's grant of judgment as a matter of law as to ADA retaliation claim).

3. *Plaintiff's Defamation Claim*

Finally, Plaintiff avers the Magistrate Judge misapplied the law of privilege in determining that Plaintiff was not defamed by statements made to Defendant's employees. (ECF No. 67 at 16.) As the Report explains, a plaintiff alleging defamation must show: "(1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." (ECF No. 64 at 26–27 (citing *Erickson v. Jones Street Publishers, LLC*, 629 S.E.2d 653, 664 (S.C. 2006) (citation omitted)).)

13

Plaintiff contends that the Magistrate Judge erred in finding the statements to and by Chuck Powell and Scott Schilling, former employees of Defendant, regarding the allegations made within the IDI were privileged, and that, even if the statements were privileged, "the record supports a finding that the scope of any such privilege was exceeded." (ECF No. 67 at 16–17.) The Report, however, found that any allegedly defamatory statements made in relation to the IDI were qualifiedly privileged. (ECF No. 64 at 28.) As to Powell and Schilling, however, the Magistrate Judge found that Plaintiff has not set forth evidence from which a reasonable juror could find any specific non-privileged statements were published to a third party in support of a claim for defamation. (*Id.* at 29.) As such, Plaintiff's objection to the Magistrate Judge's purported application of privilege to Powell and Schilling cannot be considered a specific objection to this portion of the Report. Based upon a thorough review of the record, the court finds that the Magistrate Judge did not err in recommending summary judgment as to Plaintiff's defamation claim.

## V.     CONCLUSION

Based upon the foregoing, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 64), **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 42), and **DISMISSES** this action.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 30, 2021
Columbia, South Carolina